1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8   JOHN CRANN, et al.,

9                  Plaintiffs,

NO. C05-1529P

10          v.

ORDER ON DEFENDANT PRICE'S
MOTION FOR SUMMARY
JUDGMENT

11   OFFICER L. CARVER, et al.,

12                  Defendants.

13

14          This matter comes before the Court on Defendant John Price's Motion for Summary

15   Judgment.  (Dkt. No. 57).  Having considered the materials submitted by the parties, the Court

16   GRANTS Defendant's motion for summary judgment and DENIES Plaintiffs' request for a

17   continuance pursuant to Rule 56(f).

18          Defendant has also filed a separate motion for sanctions under Rule 11 in which he seeks to

19   strike Plaintiffs' claims against him and requests an award of attorneys' fees and costs.  (Dkt. No. 68).

20   However, it appears to the Court that Defendant's motion for Rule 11 sanctions may be moot, either

21   in whole or in part, because the Court is granting summary judgment in his favor and because

22   Defendant may seek attorneys' fees and expenses pursuant to RCW 4.24.510.  Therefore, the Court

23   RESERVES ruling on Defendant's Rule 11 motion at this time.  The motion will be stricken from the

24   Court's motion calendar, without prejudice to renewal.

25

26   Order - 1

Within thirty (30) days of the date of this order, Defendant is directed to submit a motion for an award under RCW 4.24.510 that documents any attorneys' fees and expenses that Defendant claims under that statute. Defendant may also request an award of statutory damages under RCW 4.24.510 in that motion. If Defendant wishes to continue to pursue the relief requested through his Rule 11 motion (either in whole or in part), he may renew his Rule 11 motion. Any renewed motion should be submitted concurrently with his motion for an award under RCW 4.24.510.

The reasons for the Court's order are set forth below.

## BACKGROUND

Plaintiff John Crann was arrested on October 5, 2003, after the Seattle Police Department received a "911" phone call from Defendant Price. Mr. Price, who was not a government employee, called the police to report that he believed Mr. Crann was "car prowling." Several weeks before Mr. Crann's arrest, Mr. Price alleges that he had confronted a man he suspected to be car prowling in the same neighborhood and that he had called the police to report the prior alleged incident. According to Mr. Price, he believed that Mr. Crann was the same person he had allegedly seen car prowling before.

According to a police report dated October 5, 2003:

> Price spotted [a man now known as Crann] at 39 and Woodland Park, and believed him to be the suspect from the prior incident. Price followed [Crann] from a distance, in order to observe his activity. He saw [Crann] walk one block west of Whitman Ave N, then begun walking north on Whitman. A bit further than a mid block, Price saw [Crann] stop at a vehicle on the east side of the street. While facing away from the vehicle and looking both ways, up and down the block, [Crann] reached backward and casually pulled on the door handle. The door did not open, and [Crann] continued walking up the block. Price believed [Crann was] car [prowling], and called the police from his cell phone...

The police responded to Mr. Price's call and arrested Mr. Crann. Following the arrest, Mr. Price told the police that he could not tell for certain whether Mr. Crann was the man Mr. Price allegedly saw car prowling several weeks earlier.

Mr. Crann, along with his fiancee Laurel Black, have brought this suit against Mr. Price and others under 42 U.S.C. § 1983, claiming that Mr. Price's actions contributed to the harm Mr. Crann

Order - 2

1  allegedly endured as a result of his arrest.  Plaintiffs also have brought various state-law claims against

2  Mr. Price, including claims for false arrest, false imprisonment, assault and battery, outrage, assault,

3  malicious prosecution, and negligence.  Plaintiffs allege that Mr. Price made his complaint to the police

4  in bad faith and maliciously.

5       Mr. Price has now moved for summary judgment.  He maintains that Plaintiffs' Section 1983

6  claims must fail because he is not a state actor.  Mr. Price also argues that Washington law provides

7  absolute immunity from civil liability for claims arising from his communications with the police on

8  October 5, 2003.  In a separate motion, Mr. Price also requests that the Court impose Rule 11

9  sanctions against Plaintiffs and their attorney.

10                                    **ANALYSIS**

11  **A.    Legal Standard for Summary Judgment**

12       Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and

13  admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

14  material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P.

15  56(c).  A "genuine issue" exists where the evidence before the court is of such a nature that a

16  reasonable jury could return a verdict in favor of the non-moving party.  A mere "scintilla" of evidence

17  is not enough to defeat summary judgment.  Instead, there must be evidence upon which a jury could

18  reasonably find in the non-moving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-

19  52 (1986).  Where there are disputes as to material issues of fact, summary judgment is not

20  appropriate.  Simo v. Union of Needletraders, 322 F.3d 602, 610 (9th Cir. 2003).

21  **B.    Section 1983 Claims**

22       Mr. Price seeks dismissal of Plaintiffs' claims under 42 U.S.C. § 1983 on the grounds that he is

23  not a state actor subject to suit under Section 1983.  To state a cognizable Section 1983 claim, a

24  plaintiff must allege: (1) "the violation of a right secured by the Constitution and laws of the United

25  States," and (2) that "the alleged deprivation was committed by a person acting under color of state

26  Order - 3

law." West v. Atkins, 487 U.S. 42, 48 (1988). Here, Plaintiffs have alleged that Mr. Price violated their constitutional rights. However, the Court finds that Plaintiffs have not offered sufficient evidence to create a triable issue of fact on whether Mr. Price was a state actor subject to suit under Section 1983.

The United States Supreme Court has established a two-part test for determining whether an alleged deprivation of civil rights is fairly attributable to the state:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Under the second part of this test, Mr. Price may not be sued under Section 1983 unless he may be fairly regarded as a "state actor."

The Supreme Court has articulated four distinct tests for determining whether the actions of a private individual amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test. Lugar, 457 U.S. at 939; see also Johnson v. Knowles, 113 F.3d 1114, 1118 (9th Cir. 1997).

To satisfy the public function test, the private actor must be "functioning as the government." Gorenc v. Salt River Project Agric. Improvement & Power Dist., 869 F.2d 503, 508 (9th Cir. 1989). Here, Plaintiffs have not offered evidence suggesting that Mr. Price functioned as the government by calling the police. Such an action is commonly performed by private citizens. See, e.g., Johnson v. Miller, 680 F.2d 39, 40 (7th Cir. 1982) (noting that "[t]o file a criminal complaint with the police is the act of a private citizen").

The joint action test for state action may be met where a private person is a "willful participant in joint action with the State or its agents." Peng v. Penghu, 335 F.3d 970, 980 (9th Cir. 2003). Plaintiffs have not offered sufficient evidence to raise a genuine issue of material fact on whether Mr.

Order - 4

Price engaged in "joint action" with the police.   Although Plaintiffs observe that a private party may be regarded as a state actor if he conspires with law enforcement officials, Plaintiffs have offered no evidence suggesting that Mr. Price engaged in a conspiracy with any police officers or other government officials.  Conclusory allegations of a conspiracy are insufficient to meet Plaintiffs' burden at the summary judgment stage.  See, e.g., Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989).

State action may be found under the state compulsion test where the state has "exercised coercive power or has provided such significant encouragements, either overt or covert, that the [private actor's] choice must in law be deemed to be that of the state." Johnson v. Knowles, 113 F.3d 1114, 1119 (9th Cir. 1997).  Plaintiffs do not offer any evidence to suggest that the police provided such significant encouragements to Mr. Price, either overtly or covertly.

Under the nexus test, the Court must consider whether there is a "sufficiently close nexus between the state and the [defendant] so that the action of the latter may be fairly treated as that of the state itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974).  Plaintiffs have cited no authority suggesting that calling the police to report a suspected crime may create a "sufficiently close nexus" between Mr. Price and the police.  Instead, the Ninth Circuit has expressly held that "merely complaining to the police does not convert a private party into a state actor . . . . [n]or is execution by a private party of a sworn complaint which forms the basis of an arrest enough to convert the private party's acts into state action." Collins v. Womancare, 878 F.2d 1145, 1155 (9th Cir. 1989).

To support their Section 1983 claims, Plaintiffs argue that a "complaining witness" who acts in bad faith or maliciously is not immune from suit under Section 1983.  Plaintiffs cite Malley v. Briggs, 475 U.S. 335, 340-41 (1986), which states that "[i]n 1871, the generally accepted rule was that one who procured the issuance of an arrest warrant could be held liable if the complaint was made maliciously and without probable cause."

However, as Defendant notes, a "complaining witness" must also be regarded as a state actor in order to be subject to liability under Section 1983.  As discussed above, Plaintiffs have not offered evidence that Mr. Price may be regarded as a state actor.  Courts have repeatedly held that a private citizen does not become a "state actor" under Section 1983 by making a complaint to the police. See, e.g., Davis v. Union Nat'l Bank, 46 F.3d 24, 25-26 (7th Cir. 1994); Collins, 878 F.2d at 1155; Arnold v. IBM, 637 F.2d 1350, 1357-58 (9th Cir. 1981).  These holdings includes case in which a Section 1983 plaintiff maintained that a private citizen had made false allegations to the police.  For instance, in Peng v. Penghu, 335 F.3d 970 (9th Cir. 2003), the plaintiff sought to bring a Section 1983 suit against his sister and her son based on allegations that they had given false statements to a deputy, which caused plaintiff's arrest.  Id. at 972.  The district court dismissed the claims against the sister and her son because the plaintiff had not demonstrated that they were state actors, and the Ninth Circuit affirmed this dismissal.  Id. at 980.

Similarly, Plaintiffs in this case have not offered evidence sufficient to create a genuine issue of material fact on whether Mr. Price may be regarded as a state actor under Section 1983.  Therefore, summary judgment will be granted in favor of Defendant Price on Plaintiffs' Section 1983 claims.

## C.   State-Law Claims

Defendant next seeks dismissal of Plaintiffs' state law claims, arguing that Washington law "absolutely immunizes citizens from suit when they communicate with the government."  (Defendant's Motion for Summary Judgment at 7).   Defendant relies on RCW 4.24.510, which provides:

> [a] person who communicates a complaint or information to any branch or agency of federal, state, or local government, or to any self-regulatory organization that regulates persons involved in the securities or futures business and that has been delegated authority by a federal, state, or local government agency and is subject to oversight by the delegating agency, is immune from civil liability for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization.  A person prevailing upon the defense provided for in this section is entitled to recover expenses and reasonable attorneys' fees incurred in establishing the defense and in addition shall receive

Order - 6

1    statutory damages of ten thousand dollars. Statutory damages may be denied if the court finds
2    that the complaint or information was communicated in bad faith.

3    RCW 4.24.510.

4         Plaintiffs argue that this statute only provides immunity in cases where a communication is

5    made in good faith.  However, Plaintiffs misinterpret the statute.  It is true that prior to 2002, the

6    statute only applied to "good faith" communications.  However, the Washington Legislature amended

7    RCW 4.24.510 in 2002 to remove the requirement that immunity only applied to "good faith"

8    communications.  See 2002 Wash. Sess. Laws Ch. 232; see also Harris v. City of Seattle, 302 F.

9    Supp.2d 1200, 1202 and n.1 (W.D. Wash. 2004).  The Legislature also provided for an award of

10   $10,000 in statutory damages to a person prevailing on the defense under the statute, with the

11   exception that statutory damages may be denied if a court finds that the complaint or information was

12   communicated in bad faith.

13        It appears that Plaintiffs are confusing the bad faith exception for statutory damages with the

14   absolute immunity accorded to the individual who provides information to a government agency.  As

15   amended in 2002, RCW 4.24.510 provides immunity even if communications are made in bad faith.

16   As a result, Defendant is absolutely immune from civil liability under state law for his communication

17   with the police in October 2003, even if the communication was not made in good faith.  The issue of

18   "bad faith" is only relevant to the question of whether Defendant may recover statutory damages from

19   Plaintiffs.

20        By communicating information to the police regarding a suspected crime, Mr. Price was

21   communicating a complaint or information regarding a matter reasonably of concern to the police.

22   Therefore, the Court finds that Mr. Price is immune under RCW 4.24.510 from civil liability for claims

23   based on his communication to the police on October 5, 2003.  As a result, the Court grants summary

24   judgment to Mr. Price with respect to Plaintiffs' state-law claims.

25

26   Order - 7

Because Mr. Price has prevailed on the defense provided by RCW 4.24.510, he is entitled to recover his expenses and reasonable attorneys' fees incurred in establishing the defense.  Within thirty (30) days of the date of this order, Mr. Price is directed to file a motion for an award under RCW 4.24.510 that documents any attorneys' fees and expenses claimed under the statute.  Mr. Price may also request statutory damages in his motion for an award under RCW 4.24.510.  However, the Court does not reach the issue of whether Mr. Price is entitled to statutory damages under RCW 4.24.510 at this time.  As discussed above, an award of statutory damages under RCW 4.24.510 may be denied if the Court finds that a complaint or information was communicated in bad faith.  Therefore, if Mr. Price requests statutory damages under RCW 4.24.510, Plaintiffs may oppose such an award by arguing that Mr. Price's communication with the police was made in bad faith.  These issues should be addressed by the parties in connection with Mr. Price's forthcoming motion for an award under RCW 4.24.510.

**D.     Plaintiffs' Request for Continuance Pursuant to Fed. R. Civ. P. 56(f)**

Plaintiffs have requested that the Court continue Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56(f).  In support of this request, Plaintiffs argue:

> Substantial issues of Discovery remain here in terms of getting to the truth of Defendants [sic] Prices' [sic] conduct that night.  There are repeated references to a friend who's [sic] house he was at and who witnessed the prior incident, yet this person does not appear as a witness and has offered no affidavit.  Issues relating to Price's intent and behavior remain unresolved.  His relationship to the officers, and the relationship of his friend to the officers remain unclear.  Substantial issues of fact remain to be resolved.

(Dkt. No. 73 at 17).

Pursuant to Rule 56(f), a court may order a continuance where a party opposing a motion for summary judgment makes "(a) timely application which (b) specifically identifies, (c) relevant information, (d) where there is a basis for believing that the information sought actually exists." Visa Int'l Serv. Ass'n v. Bankcard Holders of America, 784 F.2d 1472, 1475 (9th Cir. 1986).  "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence exists,

1    and that it would preclude summary judgment." Chance v. Pac-Tel Teletrac, Inc., 242 F.3d 1151,

2    1161 n.6 (9th Cir. 2001).

3           Applying these standards, the Court finds that Plaintiffs have failed to demonstrate that a Rule

4    56(f) continuance is warranted.  Plaintiffs suggest that additional discovery is needed on "[i]ssues

5    relating to Price's intent and behavior."  However, this vague request does not indicate why such

6    information would be relevant or would preclude summary judgment on the issues of whether:  (1)

7    Mr. Price is a state actor under Section 1983; or (2) Mr. Price is immune from civil liability under

8    RCW 4.24.510.[1]  Plaintiffs also maintain that Mr. Price's "relationship to the officers, and the

9    relationship of his friend to the officers, remain unclear."  Although not specifically stated, Plaintiffs

10   presumably believe that discovery might turn up information showing a sufficient relationship between

11   the police and Mr. Price to support a finding that Mr. Price is a state actor for the purposes of a

12   Section 1983 "joint action" or "nexus" theory.  However, Plaintiffs' cursory request provides no basis

13   to believe that information showing such a relationship between Mr. Price and the police exists. "The

14   mere hope that further evidence may develop prior to trial is an insufficient basis for a continuance

15   under Rule 56(f)." Cont'l Mar. of San Francisco, Inc. v. Pac. Coast Metal Trade Dist. Council, 817

16   F.2d 1391, 1395 (9th Cir. 1987); see also Apache Survival Coal. v. United States, 21 F.3d 895, 911

17   n.17 (9th Cir. 1994) (district court did not abuse discretion in denying Rule 56(f) continuance where

18   requesting party "could only speculate as to what it might discover").

19          It should also be noted that a Rule 56(f) motion may be denied when a party has failed to

20   diligently pursue discovery throughout the course of the litigation.  See Chance, 242 F.3d at 1161 n.6.

21   Here, Plaintiffs have not demonstrated that they have diligently pursued discovery in this matter.  This

22   _____

23          [1]  At most, this request may be relevant to the issue of whether Mr. Price's communications to
     the police were made in bad faith, which may prevent Mr. Price from obtaining an award of statutory
24   damages under RCW 4.24.510.  As discussed earlier, the Court does not reach the issue of statutory
     damages in this order.  If Mr. Price seeks statutory damages in his motion for an award under RCW
25   4.24.510, Plaintiffs may renew a 56(f) request for discovery on "bad faith" issues.

26   Order - 9

1   case was filed in October 2005.  After the Rule 26(f) conference was held (which was supposed to

2   occur no later than November 16, 2005), Plaintiffs were free to conduct discovery.  However,

3   Defendant Price maintains that Plaintiffs have served no discovery on him, and Plaintiffs do not

4   specifically identify any outstanding discovery requests in this matter.

5        Therefore, Plaintiffs' request for a Rule 56(f) continuance will be denied.

6   **E.      Defendant's Motion for Rule 11 Sanctions**

7        Through a separate motion filed pursuant to Rule 11, Defendant requests that the Court strike

8   Plaintiffs' claims and impose sanctions against Plaintiffs and their attorney.  (Dkt. No. 68).

9   Defendant's counsel has certified that he complied with the "safe harbor" provision of Fed. R. Civ. P.

10  11(c)(1)(A), which requires that a motion for Rule 11 sanctions be served on the opposing party at

11  least twenty-one days before it is filed with the court.  (Dkt. No. 69).

12       Plaintiffs did not respond to Defendant's Rule 11 motion in a timely manner.  Instead, Plaintiffs

13  filed a belated response which asks the Court to strike Defendant's motion as redundant.  In the

14  alternative, Plaintiffs request an extension to respond to Defendant's motion due to the cardiac

15  condition of their counsel that "sometimes temporarily disables him." (Dkt. No. 81 at 3).

16       In light of the Court's ruling on Defendant's motion for summary judgment, it appears that

17  Defendant Price's motion for Rule 11 sanctions may be moot, either in whole or in part.  Today's

18  order disposes of all claims against Mr. Price, and Mr. Price will be entitled to seek an award of

19  attorneys' fees and expenses pursuant to RCW 4.24.510.  Therefore, the Court will reserve ruling on

20  Defendant's Rule 11 motion and will strike the motion from the Court's motion calendar, without

21  prejudice to Defendant's ability to renew this motion after reviewing this order.  If Defendant still

22  wishes to seek relief under Rule 11, he may renew his Rule 11 motion (either in whole or in part)

23  when he files his motion for an award under RCW 4.24.510.[2]   If Defendant wishes to continue to

24  _____

25       [2]  Because Defendant's counsel has certified compliance with the "safe harbor" requirements of
    Rule 11, Defendant need not comply with this requirement again if he renews his Rule 11 motion.

26  Order - 10

1  pursue his Rule 11 motion, he is directed to file a renewed Rule 11 motion concurrently with his

2  motion for an award under RCW 4.24.510.

3  **CONCLUSION**

4       For the reasons discussed above, the Court GRANTS Defendant Price's motion for summary

5  judgment. Plaintiffs have not presented sufficient evidence to raise a genuine issue of material fact on

6  whether Mr. Price is a state actor under Section 1983. Plaintiffs have also not presented evidence

7  sufficient to preclude summary judgment on the question of whether Mr. Price is entitled to immunity

8  from civil liability under RCW 4.24.510. The Court also DENIES Plaintiffs' request for a continuance

9  under Rule 56(f). Finally, the Court RESERVES ruling on Defendant's Rule 11 motion at this time.

10  The Rule 11 motion will be stricken from the Court's motion calendar, without prejudice to renewal.

11       Within thirty (30) days of the date of this order, Defendant Price is directed to submit a motion

12  for an award under RCW 4.24.510 that documents any attorneys' fees and expenses claimed under

13  that statute. Defendant may also request statutory damages under RCW 4.24.510 in that motion. If

14  statutory damages under RCW 4.24.510 are sought by Defendant, Plaintiffs may oppose such an

15  award by arguing that Defendant's communication with the police was made in bad faith. If

16  Defendant wishes to continue to pursue the relief requested through his Rule 11 motion (either in

17  whole or in part), he may renew his Rule 11 motion. Any renewed motion should be submitted

18  concurrently with his motion an award under RCW 4.24.510.

19       The clerk is directed to provide copies of this order to all counsel of record.

20       Dated: June 15, 2006

21                     s/Marsha J. Pechman
                     Marsha J. Pechman

22                       United States District Judge

23

24

25

26  Order - 11