1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

JOHN CRANN, et al.,

9

                    Plaintiffs,

10

            v.                                          NO. C05-1529P

11

OFFICER L. CARVER, et al.,

12

                    Defendants.

13

ORDER ON DEFENDANT PRICE'S
MOTION FOR ATTORNEYS' FEES,
COSTS, STATUTORY DAMAGES,
AND RULE 11 SANCTIONS

14

        This matter comes before the Court on a motion by Defendant John Price titled: "(1) Motion

15

for Award of Attorneys Fees, Costs and Statutory Damages; (2) Renewed Motion for Rule 11

16

Sanctions; and (3) Request for Entry of Final Judgment with Rule 54(b) Certification."  (Dkt. No. 96).

17

Through this motion, Mr. Price is seeking an award of statutory damages under RCW 4.24.510, as

18

well as an award of attorneys' fees and costs under RCW 4.24.510 and 42 U.S.C. § 1988.  Mr. Price

19

also seeks Rule 11 sanctions against Plaintiffs' former counsel Paul Richmond.

20

        The Court has reviewed the papers and pleadings submitted by Defendant Price, Plaintiffs John

21

Crann and Laurel Black, and Plaintiffs' former counsel Paul Richmond, as well as the balance of the

22

record in this case.  Being fully advised and having heard oral argument on this matter, the Court

23

GRANTS in part and DENIES in part Defendant Price's motion.  The Court ORDERS as follows:

24

25

26

Order - 1

1    (1)    The Court GRANTS Defendant Price's request for an award of statutory damages of

2    $10,000 pursuant to RCW 4.24.510.  Plaintiffs' former counsel Paul Richmond will be liable for

3    payment of this award.

4    (2)    The Court GRANTS in part and DENIES in part Mr. Price's request for attorneys'

5    fees and expenses under RCW 4.24.510.  The Court awards Mr. Price fees of $3,910 and expenses of

6    $72.22 pursuant to RCW 4.24.510.  Plaintiffs' former counsel Paul Richmond will be liable for

7    payment of these fees and expenses.

8    (3)    The Court DENIES Mr. Price's request for attorneys' fees under 42 U.S.C. § 1988.

9    (4)    The Court GRANTS in part and DENIES in part Mr. Price's request for Rule 11

10    sanctions against Plaintiffs' former counsel Paul Richmond.  The Court grants this request to the

11    extent that Mr. Price seeks a ruling that Mr. Richmond violated Rule 11 by bringing plainly

12    unsustainable state-law claims against Mr. Price.  However, the Court denies this request to the extent

13    Mr. Price seeks monetary sanctions against Mr. Richmond under Rule 11.  The Court finds that

14    monetary sanctions under Rule 11 are not warranted to deter future conduct, given that the Court is

15    requiring Mr. Richmond to pay approximately $14,000 in fees, expenses, and damages to Mr. Price

16    under RCW 4.24.510.

17    (5)    The Court DENIES as moot Mr. Price's request for entry of a partial final judgment

18    under Rule 54(b).  Because all claims against all Defendants have now been dismissed, the Court will

19    enter a final judgment in this matter pursuant to Rule 58.

20    The reasons for the Court's order are set forth below.

21    **Background**

22    The Court previously described the background of this case in its order on Defendant Price's

23    motion for summary judgment.  <u>See</u> Dkt. No. 89.  To summarize briefly, Plaintiffs John Crann and

24    Laurel Black, through attorney Paul Richmond, filed this lawsuit in September 2005 against Mr. Price,

25    the City of Seattle, the City's Office of Professional Accountability, and several Seattle police officers.

26    Order - 2

1  Mr. Crann was arrested by the Seattle police on October 5, 2003 after Mr. Price, a private citizen,

2  reported to the police that he suspected Mr. Crann of car prowling.   Plaintiffs' suit raised claims for

3  deprivation of constitutional rights under 42 U.S.C. § 1983, along with various state-law claims.

4         On June 15, 2006, the Court granted Mr. Price's motion for summary judgment on all claims

5  asserted against him.  The Court found: (1) Mr. Price was not subject to suit under § 1983 because he

6  was not a state actor; and (2) Mr. Price was immune from Plaintiffs' state-law claims under RCW

7  4.24.510, a Washington statute that immunizes individuals from civil liability based on their

8  communications to a government agency regarding any matter reasonably of concern to the agency.

9  RCW 4.24.510 provides that an individual prevailing on the defense provided by the statute is entitled

10  to recover the reasonable attorneys' fees and expenses incurred in establishing the defense, as well as

11  $10,000 in statutory damages.  However, statutory damages may be denied if the court finds that the

12  defendant's communication to the agency was made in bad faith.

13         The Court directed Mr. Price to file a motion documenting any attorneys' fees and expenses

14  that he intended to claim under RCW 4.24.510.  The Court also indicated that Mr. Price could seek

15  statutory damages under RCW 4.24.510, but noted that Plaintiffs could oppose such an award on bad

16  faith grounds.  Finally, the Court reserved ruling on a motion for Rule 11 sanctions filed by Mr. Price,

17  noting that the motion may be moot in light of Mr. Price's ability to seek attorneys' fees and expenses

18  under RCW 4.24.510.   Following the Court's ruling, Paul Richmond withdrew as Plaintiffs' attorney.

19         Mr. Price has now moved for attorneys' fees, expenses, and statutory damages under RCW

20  4.24.510, as well as attorneys' fees under 42 U.S.C. § 1988.  In addition, Mr. Price has renewed his

21  request for the imposition of Rule 11 sanctions against Plaintiffs' former counsel Paul Richmond.

22  Plaintiffs have responded to Mr. Price's motion through new counsel.  Mr. Richmond has responded

23  to Mr. Price's motion in a separate brief.

24

25

26  Order - 3

**Analysis**

1.      Statutory Damages Under RCW 4.24.510

        The Court first considers whether Mr. Price is entitled to an award of statutory damages under RCW 4.24.510.  The statute provides that "a person prevailing upon the defense provided for in this section . . . shall receive statutory damages of ten thousand dollars," with the proviso that "[s]tatutory damages may be denied if the court finds that the complaint or information was communicated in bad faith."

        As Mr. Price notes, RCW 4.24.510 provides that a court "shall" award statutory damages to a party prevailing on the immunity defense, although a court "may" deny statutory damages based on a finding of bad faith.  Under Washington law, it is well-established the use of the term "may" in a statute is regarded as permissive or discretionary, while the use of the term "shall" is regarded as mandatory.  See, e.g., Erection Co. v. Dep't of Labor & Indus., 121 Wn.2d 513, 518 (1993) ("The word 'shall' in a statute . . . imposes a mandatory requirement unless a contrary legislative intent is apparent"); Strenge v. Clarke, 89 Wn.2d 23, 28 (1977) (noting that words in a statute must be given their ordinary meaning unless a contrary intent appears and that "[t]he ordinary meaning of the word 'may' conveys the idea of choice or discretion").  As a result, an award of statutory damages to a defendant prevailing on the defense provided by RCW 4.24.510 is mandatory unless the Court in its discretion declines to award such damages based on a finding of bad faith by the defendant.

        Mr. Price maintains that under Washington law, bad faith must be established by "clear, cogent, and convincing" evidence.  Radley v. Raymond, 34 Wn.2d 475, 482 (1949).  Mr. Price also argues that this standard requires proof that the fact in question is "highly probable."  Colonial Imports, Inc. v. Carlton Northwest, Inc., 121 Wn.2d 726, 735 (1993).  Plaintiffs do not dispute these points.  The parties also do not generally dispute that under Washington law, "[t]o prove bad faith, one must show 'actual or constructive fraud' or a 'neglect or refusal to fulfill some duty . . . not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister

Order - 4

1   motive.'" <u>Ripley v. Grays Harbor County</u>, 107 Wn. App. 575, 584 (2001) (internal quotation marks

2   and citations omitted).

3           Plaintiffs offer several arguments in support of their position that Mr. Price's communications

4   to the police were made in bad faith.  Plaintiffs suggest that Mr. Price: (1) falsely told the police that

5   several weeks before Mr. Crann's arrest on October 5, 2003, Mr. Price had called the police after

6   confronting a knife-wielding car prowler in the same neighborhood; and (2) lied to the police when he

7   told them that he had witnessed Mr. Crann attempting to open a car door in a suspicious manner on

8   the night of October 5th.  Mr. Crann also maintains that he had seen Mr. Price earlier on October 5th

9   and that Mr. Price appeared to be intoxicated.  Plaintiffs also argue that Mr. Price told an investigator

10  after the incident that Mr. Crann's arrest had been "hilarious."

11          Mr. Price has previously offered two declarations attesting that the prior alleged incident

12  occurred near the residence of one of his friends, in the same neighborhood where Mr. Crann was

13  arrested on October 5, 2003.  (Dkt. Nos. 57 at ¶ 4; Dkt. No. 70 at ¶ 4).  It appears that this friend was

14  Tony Sherbon, who has also offered an affidavit indicating that he witnessed the prior alleged event.

15  (Dkt. No. 110-1).  However, neither Plaintiffs nor Defendant have been able to locate any police

16  records regarding the alleged prior incident.  The police report from Mr. Crann's arrest indicated that

17  Mr. Price told the police that this alleged incident had occurred "approximately six weeks ago."[1]

18          Under Fed. R. Evid. 803(10) and 902, Plaintiffs may attempt to prove that this event never

19  occurred by offering certified evidence that a diligent search failed to disclose any police records or

20

21          [1] Plaintiffs assert that Mr. Price has been inconsistent as to whether the alleged prior incident
22  took place two weeks or six to eight weeks before Mr. Crann's arrest.  Plaintiffs argue that Mr. Price
    had previously stated that the prior incident took place "two weeks" before Mr. Crann's arrest,
23  pointing to a memo written by an investigator working for Mr. Crann following an interview with Mr.
    Price in December 2003.  Putting aside concerns about this memo's accuracy (for example, the memo
24  refers to Mr. Price as Mr. "Pierce"), it should be noted that the same memo indicates that Mr. Price
    told the investigator that the prior incident had occurred "a few weeks before the incident that
25  involved the arrest."  (Dkt. No. 103-2 at 1).

26  Order - 5

1   reports from the prior alleged incident.  However, it is not entirely clear that Plaintiffs' public

2   disclosure requests were sufficiently broad to encompass any police records of the prior alleged

3   incident, given that the police were allegedly called from one address but the search for the alleged

4   suspect purportedly took place at a motel some blocks away.  In any case, even assuming that the

5   materials offered by Plaintiffs satisfy the "diligent search" and certification requirements of Rule

6   803(10) and Rule 902, such evidence is not conclusive and may be rebutted.

7          Here, Mr. Price has offered sworn statements from himself and his friend Tony Sherbon

8   attesting that the prior alleged incident occurred and that the police were called.  To be sure, as

9   Plaintiffs note, Mr. Price and Mr. Sherbon's statements are not entirely consistent.  For instance, Mr.

10  Price has stated that he called the police to report the prior incident, while Mr. Sherbon states that he

11  made the call.  In addition, Mr. Price's declaration indicates that Mr. Sherbon's residence was in the

12  3900 block of Whitman Avenue North, while Mr. Sherbon indicates that he lived on the 3900 block of

13  Woodland Avenue North.[2]   Nonetheless, there is no apparent reason why Mr. Price would have lied

14  to the police on the night of Mr. Crann's arrest when he told them that the prior alleged incident had

15  occurred.  There is no evidence that Mr. Price or Mr. Sherbon knew Mr. Crann or had any incentive

16  to invent the alleged prior incident.  In addition, there is no apparent reason why Mr. Price would have

17  deliberately called the police on October 5, 2003 to make a false report regarding suspicions that Mr.

18  Crann was car prowling in the neighborhood on that night.

19         In essence, Plaintiffs suggest that Mr. Price called the police on October 5th and invented the

20  prior alleged incident out of malice or as a prank.  In support of such contentions, Plaintiffs have

21  produced a report from an investigator who interviewed Mr. Price about two months after Mr.

22  Crann's arrest.  The report states:

23  _____

24         [2]  The Court takes judicial notice of City of Seattle records indicating that in the 3900 block,
    Whitman Avenue North and Woodland Park Avenue North run parallel to each other and are one
25  block apart.

26  Order - 6

JOHN [Price] said that when the police finally showed up on the second occasion, he was on one of the street corners and he flagged down the police and pointed out the guy. JOHN said as soon as he pointed out the guy, the guy immediately turned and started walking the other direction. JOHN said that when the police officer saw this, he told the guy, "Don't go anywhere," several times, but the guy kept moving. When the police got close, the guy tried to run and the police got him on the ground. JOHN termed this sequence of events, "hilarious."

(Dkt. No. 103-2 at 3). Characterizing the arrest of another person as "hilarious" certainly may be in poor taste. However, this statement provides a very thin basis for the Court to find that Mr. Price had a motive to communicate false information to the police. Plaintiffs appear to suggest that Mr. Price made false statements to the police in order to amuse himself by causing the arrest of a person that he did not know. The Court finds little reason to reach this conclusion, particularly in light of the standard of proof for bad faith. Although Mr. Crann suggests that Mr. Price had been drinking the night of October 5th, at most this would tend to suggest that Mr. Price's judgment may have been impaired, not that he acted out of an "interested or sinister motive."[3]

In a footnote, Plaintiffs suggest that they should be permitted to take additional discovery to pursue evidence regarding bad faith. The Court disagrees. In its order on Defendant Price's motion for summary judgment, the Court indicated that Plaintiffs could renew their request for a Rule 56(f) continuance on "bad faith" issues if Defendant sought statutory damages under RCW 4.24.510. However, Plaintiffs have not provided a sufficient basis for such a continuance. As the Court noted in its order on Defendant Price's summary judgment motion, a party seeking a continuance under Rule 56(f) must specifically identify relevant information where there is a basis for believing that the information sought actually exists. See Dkt. No. 89 at 8. Here, Plaintiffs have not specifically identified what information they would seek through continued discovery. Plaintiffs previously made a vague assertion that additional discovery was needed on "[i]ssues relating to Price's intent and behavior." Id. at 9. Plaintiffs have not identified with greater specificity what type of information

---

[3] There is no indication in the police report that Mr. Price appeared intoxicated on October 5th.

Order - 7

1    regarding Mr. Price's "intent and behavior" they wish to seek through continued discovery, nor have

2    they offered a basis for believing that such information exists.[4]

3          In sum, the Court finds that Plaintiffs have not demonstrated by clear, cogent, and convincing

4    evidence that Mr. Price engaged in bad faith when he communicated information to the police.

5    Defendant will be awarded statutory damages in the amount of $10,000 pursuant to RCW 4.24.510.

6          This award leads to the question of whether liability for statutory damages under RCW

7    4.24.510 may or should be imposed on Plaintiffs' former counsel Paul Richmond, rather than on

8    Plaintiffs.[5]  RCW 4.24.510 does not indicate who shall be required to pay statutory damages, nor does

9    there appear to be any Washington law that squarely addresses whether such damages may be imposed

10   on the non-prevailing party's counsel.  In the context of awarding attorneys' fees under RCW

11   4.84.185, Washington courts have suggested that an award of fees must assessed against the non-

12   prevailing "party" and not against his or her attorney.  See Watson v. Maier, 64 Wn. App. 889, 896

13   (1992).  However, such a rule would be consistent with the express language of RCW 4.84.185, which

14   authorizes such awards against "the nonprevailing party."  Id.  By contrast, RCW 4.24.510 includes no

15   similar provision providing that statutory damages or fees must be assessed against the "non-prevailing

16   party."

17         If the Washington State Legislature intended to provide that an award of statutory damages

18   under RCW 4.24.510 could only be imposed on the non-prevailing "party," the Legislature could have

19   adopted the same type of language included in RCW 4.84.185.  Given the Legislature's silence in this

20   _____

21       [4] As the Court noted in its prior order, a Rule 56(f) continuance may also be denied due to
     lack of diligence in pursuing discovery throughout the course of the litigation, and Plaintiffs failed to
22   demonstrate that they diligently pursued discovery in this matter.  (Dkt. No. 89 at 9-10).

23       [5] In an unauthorized "supplemental declaration and memorandum" filed after this motion was
     fully briefed, Plaintiffs also argued that imposing statutory damages against them under RCW 4.24.510
24   would be unconstitutional.  As the Court stated at oral argument, these new constitutional arguments
     will not be considered: (1) because they were not raised in a timely manner; and (2) Plaintiffs have not
25   complied with the requirements of Fed. R. Civ. P. 24(c).

26   Order - 8

regard and the lack of Washington case law on this question, the Court must use its best judgment to predict how the Washington Supreme Court would rule on this issue.  See Burlington Ins. Co. v. Oceanic Design & Constr., 383 F.3d 940, 944 (9th Cir. 2004).  In making this determination, the Court may look to well-reasoned decisions of courts in other jurisdictions that have confronted analogous situations.  Id.

Other jurisdictions have at times permitted an award of statutory fees to be imposed against the non-prevailing party's attorney, rather than against the party itself.  See, e.g., Motown Prods., Inc. v. Cacomm, Inc., 849 F.2d 781, 786 (2d Cir. 1988) (authorizing courts to require the non-prevailing party's attorney to pay the prevailing party's fees under Section 35 of the Lanham Act); But see Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1006 (9th Cir. 2002) (statutory award of fees to prevailing parties in claims under federal False Claims Act or 42 U.S.C. § 1988 not authorized against attorneys).  As the court in Motown noted, "it seems proper to permit the district court to impose the sanction, in whole or in part, against the attorney when it finds that the improper conduct was caused by the attorney rather than the client."  Motown, 849 F.2d at 786.

The reasoning of the Motown court is sensible and persuasive.  The Court finds it likely that the Washington Supreme Court would apply similar reasoning in this context and would provide that trial courts have discretion to determine whether to impose statutory damages under RCW 4.24.510 against the non-prevailing party, the non-prevailing party's attorney, or both, depending on the equities of the case.

In this case, the improper assertion of untenable state-law claims against Mr. Price was entirely due to the failure of Plaintiffs' former counsel Paul Richmond to provide competent representation to his clients.  Plaintiffs Crann and Black plainly had no idea that RCW 4.24.510 provided Mr. Price with absolute immunity against civil liability for communicating information to the police, much less that Mr. Price could claim $10,000 in statutory damages if he prevailed on the defense provided by RCW 4.24.510.  As a member of the Washington State Bar Association and the bar of this Court, Mr.

Order - 9

1    Richmond had a duty to provide competent representation to his clients, including "the legal

2    knowledge, skill, thoroughness, and preparation reasonable necessary for the representation."  See

3    Wash. R. of Prof. Conduct 1.1.  Mr. Richmond did not uphold this duty when he failed to recognize

4    that Plaintiffs' state-law claims against Mr. Price were barred under Washington law.  Under these

5    circumstances, where it is clear that the "improper conduct was caused by the attorney rather than the

6    client," the Court finds that Mr. Richmond alone should be liable for the damages that have resulted

7    from his failure to represent his clients in a competent manner.  Therefore, the Court holds that

8    Plaintiffs' former counsel Paul Richmond shall be solely liable for payment of statutory damages of

9    $10,000 to Defendant John Price pursuant to RCW 4.24.510.

10   2.    Attorneys' Fees and Expenses Under RCW 4.24.510

11         RCW 4.24.510 provides that "[a] person prevailing upon the defense provided for in this

12   section is entitled to recover expenses and reasonable attorneys' fees incurred in establishing the

13   defense . . . ."  Plaintiffs do not dispute that an award of fees and expenses is mandatory under this

14   section.  However, they argue that the amount of fees claimed by Mr. Price is unreasonable.  The

15   Court agrees.

16         In his opening brief, Mr. Price requested $22,532.57 in attorneys' fees and $416.23 in out-of-

17   pocket expenses under RCW 4.24.510, as well $200 in statutory costs under RCW 4.84.020(6) and

18   RCW 4.84.080.  (Dkt. No. 96 at 7).  Mr. Price's counsel made no attempt to segregate the fees and

19   expenses that were incurred in this matter in establishing the defense provided by RCW 4.24.510 from

20   fees and expenses incurred on other matters.  Instead, Defendant's counsel asserts that "[s]egregation

21   is not easy in this case due to the fact that seven separate causes of action were asserted against Price,

22   only one of which was a federal claim."  (Dkt. No. 96 at 4-5).  Mr. Price proposes that  the Court

23   should simply allow him to recover 6/7ths of all the fees and expenses that his attorneys incurred in

24   representing him in this matter as an award under RCW 4.24.510.

25

26   Order - 10

1    To calculate the reasonable attorneys' fees incurred in establishing the defense provided by

2    RCW 4.24.510, the Court must first calculate the "lodestar" figure – "the number of hours reasonably

3    expended (discounting hours spent on unsuccessful claims, duplicated effort, and otherwise

4    unproductive time) multiplied by the attorney's reasonable hourly rate." Banuelos v. TSA

5    Washington, Inc., __ Wn. App. __, 141 P.3d 652, 657 (2006).  Here, the Court concludes that Mr.

6    Price's fee request of $22,532.57 does not reflect the hours reasonably expended on establishing the

7    defense provided by RCW 4.24.510, nor it is based on a reasonable hourly rate for the work

8    performed.

9        A.    Hours Reasonably Expended

10    RCW 4.24.510 states that a party prevailing on the defense provided by the statute shall be

11    entitled to "reasonable attorneys' fees incurred in establishing the defense."  The meaning of this

12    provision is plain: Defendant Price is only entitled to reasonable fees that were incurred "in

13    establishing the defense" provided by RCW 4.24.510.  The statute does not allow fees for other

14    matters outside this narrow category.

15    Defendant's counsel suggests that it is not easy to segregate the fees incurred in establishing

16    the defense from the other fees incurred in this matter.  The Court disagrees.  As a preliminary matter,

17    it appears that Defendant's counsel was aware of the immunity defense provided by RCW 4.24.510

18    very early in this case.  See, e.g., Dkt. No. 96-2 at 2 (Defendant's counsel finalized memo on

19    "affirmative defense of immunity from civil liability, as well as award of attorney's fees and expenses

20    incurred" on November 22, 2005, only eight days after first billing entry in the matter).  As a result,

21    Defendant's counsel should have made efforts to ensure that fees and expenses incurred in establishing

22    the defense were clearly documented and segregated from fees and expenses incurred on other

23    matters.  See Loeffelholz v. C.L.E.A.N., 119 Wn. App. 665, 690 (2004).

24    In any case, as Plaintiffs note, the billing records of Defendant's counsel provide fairly detailed

25    descriptions of the work performed, making it relatively simple to segregate the fees incurred in

26    Order - 11

1   establishing the defense provided by RCW 4.24.510 from other fees incurred in this matter.  Plaintiffs'

2   counsel has suggested that the only fees that should be allowed under RCW 4.24.510 are for the 26.75

3   hours  listed in Exhibit 11 to the Declaration of Plaintiffs' counsel ("Exhibit 11").  <u>See</u> Dkt. No. 99-6

4   at 6-7.  The Court agrees with Plaintiffs' analysis.  The billing entries set forth in Exhibit 11 essentially

5   reflect time that Defendant's counsel spent researching immunity issues and drafting Defendant's

6   successful motion for summary judgment, which resulted in dismissal of Plaintiffs' state law claims due

7   to the immunity provided by RCW 4.24.510.  These are the type of fees that were reasonably

8   necessary to establish the defense provided by RCW 4.24.510.

9          It is clear that establishing the immunity defense was not difficult.  As Plaintiffs' counsel

10  suggests, Defendant Price could have established this defense and obtained dismissal of all six state-

11  law claims by filing a short motion to dismiss under Rule 12(b)(6) at the outset of this case.  In terms

12  of legal analysis, Defendant only needed to provide the same four-paragraph legal argument that he

13  offered when he ultimately moved for summary judgment on the state-law claims under RCW

14  4.24.510.  <u>See</u> Dkt. No. 57 at 7-8.  Instead of taking this straightforward step at the outset of this

15  case, Defendant's counsel opted instead for a more circuitous route.  For example, Defendant's

16  counsel asserted an improper "counterclaim" for "immunity defense" and unnecessarily incurred fees

17  by filing a motion to hold Plaintiffs in default for failing to answer this purported "counterclaim" – all

18  inappropriate and unnecessary actions that the Court rejected.  <u>See</u> Dkt. No. 56.

19         In his reply brief, Defendant appears to suggest that he was unable to file a 12(b)(6) motion to

20  establish the immunity defense provided by RCW 4.24.510.  Defendant bases this argument on the fact

21  that when he filed a motion for default judgment on his inappropriate "immunity defense

22  counterclaim," Plaintiffs sought to introduce a declaration from Elizabeth Frost.  Defendant seems to

23  suggest that if he had filed a motion to dismiss under 12(b)(6), Plaintiffs would have offered the same

24  declaration and the Court would have been required to convert the motion into a motion for summary

25  judgment under Rule 56.

26  Order - 12

1    Defendant's reasoning is not persuasive.  If Defendant had moved to dismiss Plaintiffs' state-

2   law claims under 12(b)(6) based on the immunity defense and Plaintiffs sought to offer materials

3   outside the pleadings (e.g., Ms. Frost's declaration), the Court would not have been automatically

4   required to convert the motion into a summary judgment motion.  Instead, the Court could have

5   simply excluded the declaration as extraneous.  See Fed. R. Civ. P. 12(b)(6) (providing that court may

6   exclude materials outside the pleadings in ruling on motion to dismiss); Keams v. Tempe Tech. Inst.,

7   Inc., 110 F.3d 44, 46 (9th Cir. 1997) (Rule 12(b)(6) motion not converted to summary judgment

8   motion where court stated that it did not rely on exhibits outside the pleadings in reaching its legal

9   conclusion).  In this case, Ms. Frost's declaration would have been extraneous to the question of

10   whether Defendant was entitled as a matter of law to civil immunity from Plaintiffs' state-law claims

11   pursuant to the defense provided by RCW 4.24.510.[6]

12    Therefore, the Court finds that Defendant's counsel reasonably expended 26.75 hours in

13   establishing the defense provided by RCW 4.24.510, as described in the billing entries set forth in

14   Exhibit 11 to the declaration of Plaintiffs' counsel.  This total reflect 22.65 hours of work performed

15   by attorney Robert Bartlett and 4.1 hours of work performed by attorney Diana Hill.  The Court will

16   not allow any fees incurred by Defendant's counsel after June 15, 2006, the date that the Court

17   granted summary judgment in favor of Defendant Price.  At that time, the defense provided by RCW

18   4.24.510 was established.  Any further fees incurred after that date (e.g., for briefing to establish the

19   amount of fees incurred, entitlement to statutory damages, etc.) are not provided by the statute.

20    B.    Reasonable Hourly Rate

21    The Court must next determine a reasonable hourly rate for the work performed by

22   Defendant's counsel.  "In determining the attorney's reasonable hourly rate, the trial court may

23

24    [6] At most, the declaration might have had some relevance in determining whether Plaintiffs

25   could avoid the $10,000 in statutory damages provided by RCW 4.24.510 on "bad faith" grounds, not
on the availability of the immunity defense to Mr. Price.

26   Order - 13

1   consider the skill level the litigation requires, the time limitations the litigation imposes, the size of the

2   potential recovery, the attorney's reputation, and the undesirability of the case." Banuelos, 141 P.3d

3   at 657; see also Wash. R. Prof. Conduct 1.5 (listing factors to consider in determining reasonableness

4   of attorneys' fees).

5          Defendant requests a rate of $245 per hour for Mr. Bartlett's work and $125 per hour for Ms.

6   Hill's work.[7]  In response, Plaintiffs argue that the Court should not allow the $245 per hour rate for

7   Mr. Bartlett's work in light of the novelty and difficulty of the questions involved and the skill

8   requisite to perform the legal service properly.  As Plaintiffs note, Defendant's arguments regarding

9   the applicability of the immunity defense provided by RCW 4.24.510 were not complex.  Plaintiffs

10  suggest that a reasonable hourly rate for Mr. Bartlett's work in establishing the defense provided by

11  RCW 4.24.510 would be $150 an hour.  Plaintiffs observe that $150 an hour is the same rate

12  previously claimed in this litigation for the work of Tobin Dale, an experienced attorney who appeared

13  in this matter for the City of Seattle and the police officers.  See Dkt. No. 18 at 2.

14         The Court agrees with Plaintiffs.  Although Mr. Bartlett is an experienced attorney and the

15  Court does not doubt that he may warrant a higher hourly rate in a different matter, the level of skill

16  required to establish the defense provided by RCW 4.24.510 simply was not great.  In order to prevail

17  on this defense, Defendant Price could have merely filed a motion to dismiss that cited the language of

18  RCW 4.24.510, perhaps with a citation to this Court's previously published ruling in which the Court

19  noted that the Legislature had eliminated the "good faith" requirement from RCW 4.24.510 in 2002.

20  See Harris v. City of Seattle, 302 F. Supp. 2d 1200, 1202 n.1 (W.D. Wash. 2004).  Given the lack of

21  complexity of this legal question and the relatively low level of skill required to establish civil immunity

22  in this case, the Court finds that an hourly rate of $245 an hour would not be reasonable.  In addition,

23  this case did not appear to impose significant time limitations, did not involve a particularly large

24

        [7] Although two other attorneys performed work for Mr. Price, Mr. Bartlett and Ms. Hill are
25  the only attorneys who performed the work listed in Exhibit 11.

26  Order - 14

1   potential recovery, and did not appear to present an "undesirable" case for Defendant's counsel to

2   take – particularly in light of obvious defenses available to Mr. Price.  As a result, the Court finds that

3   a rate of $150 an hour would be appropriate for Mr. Bartlett's work in establishing the defense

4   provided by RCW 4.24.510.

5       C.      Total Fee Award

6           Consistent with the discussion above, the Court finds that Defendant Price's reasonable

7   attorneys' fees incurred in establishing the defense provided by RCW 4.24.510 is $3,910.  This figure

8   reflects 22.65 hours for the work of Mr. Bartlett at a rate of $150 per hour and 4.1 hours for the work

9   of Ms. Hill at $125 per hour.

10      D.      Expenses

11          RCW 4.24.510 also provides that Mr. Price is entitled to recover expenses incurred in

12  establishing his defense under this statute.  Mr. Price claims $416.23 in out-of-pocket expenses under

13  RCW 4.24.510.  As Plaintiffs note, the billing records provided by Defendant's counsel generally do

14  not identify which costs apply to which task, making it difficult for the Court to determine a fair award

15  of costs.  Under these circumstances, the Court agrees with Plaintiffs' suggestion that it would be

16  reasonable "to compensate costs based on the percentage of the attorney's fees awarded as compared

17  with fees sought."  (Pls.' Opp. at 12).  The Court is awarding Defendant Price $3,910 in attorneys'

18  fees pursuant to RCW 4.24.510, which represents 17.35% of his original request for $22,532.57 in

19  fees under the statute.  Therefore, the Court will award Defendant Price 17.35% of the out-of-pocket

20  costs of $416.23 that he originally sought under RCW 4.24.510, for a total of $72.22.

21          The Court denies Defendant's request for a "statutory attorney fee award of $200 as costs"

22  pursuant to RCW 4.84.010(6) or RCW 4.84.080.  (Dkt. No. 96 at 7).  This Court has previously

23  declined to award such costs in another case involving the immunity defense provided by RCW

24  4.24.510.  See Harris v. City of Seattle, C02-2225P, Dkt. No. 141 at 4 (request for such costs by

25  Defendant Washington Firm) and Dkt. No. 200 at 2 (denying request on grounds that "State statutory

26  Order - 15

1   attorney's fees are not taxable").  The Court also declines to award Defendant interest on his

2   attorneys' fees.  As Plaintiffs note, none of the statutes or rules relied upon by Defendant provide for

3   such an award of interest.

4           E.        Liability for Attorneys' Fees and Expenses Under RCW 4.24.510

5           RCW 4.24.510 does not indicate who shall bear liability for attorneys' fees and expenses

6   awarded under the statute.  For the same reasons that the Court discussed earlier in determining that

7   Mr. Richmond should be liable for statutory damages under RCW 4.24.510, the Court finds that

8   liability for the Mr. Price's fees and expenses under RCW 4.24.510 should be imposed solely on

9   Plaintiffs' former counsel Paul Richmond.  Therefore, Mr. Richmond shall be solely liable to

10  Defendant Price for $3,910 in attorneys' fees and $72.22 in costs under RCW 4.24.510.

11  3.        Attorneys' Fees Under 42 U.S.C. § 1988

12          Mr. Price also seeks an award of attorneys' fees under 42 U.S.C. § 1988 as the prevailing

13  party on Plaintiffs' claims under 42 U.S.C. § 1983.  In his opening brief, Mr. Price appears to assert

14  that a prevailing defendant in a § 1983 case is automatically entitled to an award of attorneys' fees

15  under § 1988.  See Opening Brief at 8 (asserting that "[a] prevailing party in a § 1983 action is entitled

16  to his reasonable attorneys fees and costs under 42 USC § 1988(b)").

17          As Plaintiffs note, Defendant's assertion is not accurate.  Although a prevailing plaintiff in a §

18  1983 case is normally entitled to an award of attorneys' fees, a prevailing defendant typically is not.

19  Under Ninth Circuit law, "[a] prevailing defendant is entitled to attorney fees under 42 U.S.C. § 1988

20  only when the plaintiff's claims are 'groundless, without foundation, frivolous, or unreasonable.'"

21  Karem v. City of Burbank, 352 F.3d 1188, 1195 (9th Cir. 2003); see also Barry v. Fowler, 902 F.2d

22  770, 773 (9th Cir. 1990) ("[a]ttorneys' fees in civil rights cases should only be awarded to a defendant

23  in exceptional circumstances.").  "In determining whether this standard has been met, a district court

24  must assess the claim at the time the complaint was filed, and must avoid 'post hoc reasoning by

25

26  Order - 16

1    concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable

2    or without foundation.'" Tutor-Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1060 (9th Cir. 2006).

3          Here, the Court does not conclude that Plaintiffs' § 1983 claims against Mr. Price were

4    groundless, without foundation, frivolous, or unreasonable at the time the complaint was filed.

5    Although the Court ultimately dismissed the § 1983 claims against Mr. Price because there was no

6    evidence that he was a "state actor," the question of whether a person may be regarded as a "state

7    actor" under § 1983 is a difficult and often fact-intensive question.  The inquiry does not begin and

8    end with the fact that Mr. Price was a private citizen.  As the Ninth Circuit has noted, "[a] private

9    party can still become a state actor if it acts in concert with state officials, or if the state has lent

10   'significant encouragement' to its action, or if it is exercising powers traditionally the exclusive

11   prerogative of the state."  Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1377 (9th

12   Cir. 1987).  The Ninth Circuit has noted that "we still find the concept of 'state action' somewhat

13   nebulous." Id. (citing Jackson v. Metropolitan Edison Co., 419 U.S. 345, 349-50 (1974) ("While the

14   principle that private action is immune from the restrictions of the Fourteenth Amendment is well

15   established and easily stated, the question whether particular conduct is 'private,' on the one hand, or

16   'state action,' on the other, frequently admits of no easy answer.")).

17         Prior to filing a complaint and obtaining discovery, Plaintiffs had little if any ability to

18   determine whether Mr. Price acted in concert with the police in a manner sufficient to establish liability

19   as a state actor.  Based on the conduct alleged in his complaint, Plaintiffs had at least some basis

20   believe that discovery would show that Mr. Price had acted in concert with the police.  In particular,

21   the fact that Plaintiffs' pre-suit investigation failed to locate any records of Mr. Price's alleged

22   interaction with the police several weeks before Mr. Crann's arrest would serve to heighten suspicions

23   on this question.  Although Plaintiffs' former counsel apparently failed to pursue this issue by

24   propounding discovery on Mr. Price after filing the complaint, the question is not whether Plaintiffs

25   ultimately established their claim – instead, it is whether there was a non-frivolous basis to maintain

26   Order - 17

1   the claim at the time the complaint was filed.  Accordingly, Defendant Price's request for attorneys'

2   fees under § 1988 will be denied.

3   4.      Rule 11 Sanctions

4           Finally, Defendant Price has renewed his previous request for the imposition of Rule 11

5   sanctions against Plaintiffs' former counsel Paul Richmond.  Mr. Richmond has opposed this request,

6   arguing that the claims asserted in Plaintiffs' complaint were based on a non-frivolous argument for

7   the modification or reversal of existing law or the establishment of new law.

8           For the same reasons discussed immediately above, the Court finds that Mr. Richmond did not

9   violate Rule 11 by filing a complaint with Section 1983 claims against Mr. Price.  Although these

10  claims were unsuccessful and tenuous at best, they were not patently frivolous.  However, the Court

11  finds that Mr. Richmond did violate Rule 11 by asserting state-law claims against Mr. Price for which

12  RCW 4.24.510 plainly and unambiguously provided Mr. Price with immunity from civil liability.

13          By signing Plaintiffs' complaint, Mr. Richmond certified that the claims asserted in the

14  complaint were "warranted by existing law or by a nonfrivolous argument for the extension,

15  modification, or reversal of existing law or the establishment of new law."  Fed. R. Civ. P. 11(b)(2).

16  When Mr. Price filed for summary judgment against Plaintiffs based on the immunity provided by

17  RCW 4.24.510, the opposition brief filed by Mr. Richmond did not offer any non-frivolous arguments

18  as to why the statute would not provide immunity to Mr. Price.  Indeed, Mr. Richmond offered only a

19  two-paragraph response to Mr. Price's arguments regarding immunity under RCW 4.24.510.  See

20  Dkt. No. 73 at 10-11.  Mr. Richmond's arguments appeared to confuse the immunity provided to Mr.

21  Price by RCW 4.24.510 with the provisions of the statute that permit a Court to waive an award of

22  $10,000 in statutory damages to a defendant if a communication is made in bad faith.  Id.

23          In response to Defendant Price's Rule 11 motion, Mr. Richmond has now raised several new

24  arguments as to why RCW 4.24.510 should not be interpreted to provide absolute immunity from civil

25  liability to a person who communicates information to the police.  Notably, Mr. Richmond has

26  Order - 18

1   presented these new arguments in his response to the renewed Rule 11 motion, rather than presenting

2   them in opposition to Defendant's summary judgment motion when such arguments might have

3   benefitted his former clients.  This suggests that Mr. Richmond's new arguments were belatedly

4   developed for the purpose of avoiding the imposition of sanctions.

5          In any case, the Court is not persuaded by the belated arguments offered by Mr. Richmond.

6   The language of RCW 4.24.510, as amended in 2002, is clear:   "A person who communicates a

7   complaint or information to any branch or agency of federal, state, or local government . . . is immune

8   from civil liability for claims based upon the communication to the agency or organization regarding

9   any matter reasonably of concern to that agency or organization."  There is no exception to this

10  immunity for "bad faith" communications.  This point is underscored by the fact that prior to

11  amendment in 2002, RCW 4.24.510 had explicitly provided that immunity from civil liability would

12  only apply to "a person who in good faith communicates a complaint or information" to a government

13  agency.  See 1999 Wash. Sess. Laws Ch. 54, § 1.  As one commentator explained shortly after the

14  2002 amendment, "the amended section 4.24.510 provides much greater protection . . . .  Even

15  communications made in bad faith will be immune, although the [defendant] will then lose his or her

16  right to statutory damages."  Michael Eric Johnston, A Better SLAPP Trap: Washington State's

17  Enhanced Statutory Protection for Targets of "Strategic Lawsuits Against Public Participation", 38

18  Gonz. L. Rev. 263, 286 (2003).

19         As a result, the Court finds that Mr. Richmond violated Rule 11 by asserting claims against

20  Mr. Price that were clearly barred by RCW 4.24.510.  The Court finds that Mr. Richmond has not

21  demonstrated that his assertion of these claims on behalf of Plaintiffs was warranted by existing law or

22  by a nonfrivolous argument for the extension, modification, or reversal of existing law or the

23  establishment of new law.

24         Although Mr. Richmond's conduct violated Rule 11, an award of monetary sanctions or

25  attorneys' fees against Mr. Richmond is not automatic.  "A sanction imposed for violation of this rule

26  Order - 19

1   shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by

2   others similarly situated." Fed. R. Civ. P. 11(c)(2).  The Ninth Circuit has emphasized that "Rule 11

3   'provides for sanctions, not fee shifting.  It is aimed at deterring, and, if necessary punishing improper

4   conduct rather than merely compensating the prevailing party.'" United States ex rel. Leno v. Summit

5   Constr. Co., 892 F.2d 788, 791 n.4 (9th Cir. 1989) (internal citation omitted).  It should also be noted

6   that the Advisory Committee notes to the 1993 amendments to Rule 11 indicate that a variety of

7   factors may be proper considerations in determining what sanctions, if any, should be imposed for a

8   Rule 11 violation, including the financial resources of the person to be sanctioned.  See also Warren v.

9   Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) ("a court can properly consider plaintiff's ability to pay

10  monetary sanctions as one factor in assessing sanctions").

11          Mr. Richmond has represented that he earns less than $10,000 per year from his legal practice,

12  which obviously suggests that he has limited financial resources.  (Dkt. No. 105 at 12).  In addition,

13  the Court has already held Mr. Richmond solely liable for the payment of approximately $14,000 to

14  Defendant Price for statutory damages and attorneys' fees and expenses under RCW 4.24.510.  As a

15  result, the Court finds that monetary sanctions under Rule 11 are not warranted to deter further

16  improper conduct by Mr. Richmond.  Requiring Mr. Richmond to pay statutory damages, fees, and

17  expense to Mr. Price should be sufficient to accomplish that goal.

18  5.      Request for Entry of Partial Final Judgment Under Rule 54(b)

19          Finally, Defendant Price's motion requests entry of a partial final judgment under Rule 54(b).

20  This request is now moot because all claims against the other named Defendants have been dismissed.

21  See Dkt. No. 113.  The Court will direct the Clerk to entry a final judgment in this matter pursuant to

22  Rule 58.

23                                          **Conclusion**

24          For the reasons stated above, the Court GRANTS in part and DENIES in part Defendant

25  Price's motion.  Specifically, the Court:

26  Order - 20

1    (1)    GRANTS Defendant Price's request for an award of statutory damages of $10,000

2    pursuant to RCW 4.24.510.  Plaintiffs' former counsel Paul Richmond will be liable for payment of

3    this award.

4    (2)    GRANTS in part and DENIES in part Mr. Price's request for attorneys' fees and

5    expenses under RCW 4.24.510.  The Court awards Mr. Price fees of $3,910 and expenses of $72.22

6    pursuant to RCW 4.24.510.  Plaintiffs' former counsel Paul Richmond will be liable for payment of

7    these fees and expenses.

8    (3)    DENIES Mr. Price's request for attorneys' fees under 42 U.S.C. § 1988.

9    (4)    GRANTS in part and DENIES in part Mr. Price's request for Rule 11 sanctions against

10   Plaintiffs' former counsel Paul Richmond.  Although Mr. Price is correct that Mr. Richmond violated

11   Rule 11 by bringing plainly unsustainable state-law claims against Mr. Price based on his

12   communications with the police, the Court declines to impose monetary sanctions under Rule 11

13   against Mr. Richmond.  Monetary sanctions under Rule 11 are not warranted to deter future conduct,

14   given that the Court is requiring Mr. Richmond to pay fees, expenses, and damages to Mr. Price under

15   RCW 4.24.510.

16   (5)    DENIES as moot Mr. Price's request for entry of a partial final judgment under Rule

17   54(b) and DIRECTS the clerk to enter a final judgment under Rule 58.

18   The clerk is directed to provide copies of this order to all counsel of record and to Plaintiffs'

19   former counsel Paul Richmond.

20   Dated: October 26,  2006

21

22                                        s/Marsha J. Pechman
                                          Marsha J. Pechman
23                                        United States District Judge

24

25

26   Order - 21